UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ALISHA N. KENTON,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                     24-CV-1630 (LDH) (PK)

        -against-

THE CITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge.

      Plaintiff Alisha N. Kenton brings this pro se action invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Complaint is dismissed. Plaintiff is granted until March 10, 2025 to file an amended complaint.

## BACKGROUND

      Plaintiff brings this action against the City of New York, alleging that on May 22, 2021, she was subjected to sexual harassment and unwanted physical contact on two separate occasions by an employee while in an elevator at a COVID-19 isolation shelter in Long Island City, New York. (Compl. at 5, ECF No. 1.) Plaintiff further contends that following her reporting of these incidents, she faced retaliation by other staff members. (*Id*.) Plaintiff seeks money damages. (*Id*. at 6.)

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York on March 5, 2024. ECF No. 4.

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the pro se plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a pro se action sua sponte if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming sua sponte dismissal of frivolous pro se complaint where pro se plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

Plaintiff's claims against the City of New York must be dismissed. Municipalities, such as the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr.*

*Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York that would confer municipal liability. Accordingly, all claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

In light of this Court's duty to liberally construe pro se complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Pursuant to Rule 8, Plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions alleged in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Plaintiff is advised that an amended complaint completely replaces the original complaint, so he must include in the amended complaint all the necessary information to support his claims. Any amended complaint must be captioned

"Amended Complaint" and bear the same docket number as this order: 24-CV-1630 (LDH) (PK).

No summons will issue at this time, and all further proceedings will be stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days from the date of this Order, judgment dismissing this action will be entered. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form. Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                                SO ORDERED.

Dated: Brooklyn, New York  
February 15, 2025

                                        /s/ LDH  
                                        LaSHANN DeARCY HALL  
                                        United States District Judge